## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 10-19 (RCL) |
| UNITED STATES INTERNATIONAL BOUNDARY AND WATER COMMISSION, ) ) ) ) | |
| Defendant. ) | |

_____ )

### <u>MEMORANDUM OPINION</u>

### I.      INTRODUCTION

This case concerns whether the United States International Boundary and Water Commission ("Commission") followed its statutory responsibilities in responding to a Freedom of Information Act request.   Before the Court are defendant's Renewed Motion [15] for Summary Judgment and plaintiff's Renewed Motion [16] for Summary Judgment.   Upon consideration of the motions, oppositions, replies, the entire record in this case, and the applicable law, the Court will grant plaintiff's Renewed Motion [16] for Summary Judgment and deny defendant's Renewed Motion [15] for Summary Judgment.

### II.     BACKGROUND

This case has its origins in the Commission's removal of its former General Counsel, Robert McCarthy, from his position in July 2009.  McCarthy Decl. [16-1] ¶2–4, July 28, 2011. After the Commission removed him, McCarthy appealed the Commission's decision to the Merit Systems Protection Board.  *Id.* at ¶6.  To represent it in that litigation, the Commission hired the law firm of Jackson Lewis.  *Id.* at ¶7.

The plaintiff in this case—Public Employees for Environmental Responsibility ("PEER"), a non-profit organization[1]—somehow learned about Mr. McCarthy's case and the Commission's hiring of Jackson Lewis, and became concerned that the Commission's payments to that law firm might constitute misuse of government funds.  Compl. [1] ¶2, Jan. 6, 2010. Accordingly, in October 2009, PEER filed a request with the Commission under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking:

> (1) A copy of the retainer agreement between [the Commission] and the law firm of Jackson Lewis in the matter concerning McCarthy v. IBWC, Docket # DA-1221-09-0725-S-1 and
>
> (2) All documents that evidence the source of the funds used to pay for representation by Jackson Lewis in the matter concerning McCarthy v. USIBWC.

Pl.'s SMF [16] 1 ¶1, July 29, 2011.

The Commission received PEER's FOIA request and responded sometime in November 2009, although the parties disagree about exactly when.  *Compare* Pl.'s SMF [16] 2 ¶2 & n.1 *with* Def.'s Mem. Opp'n [21] 2–3, Aug. 22, 2011.  In its response to PEER, the Commission refused to produce its retainer agreement with Jackson Lewis, asserting the attorney–client privilege and claiming that release of the agreement could harm Jackson Lewis's interests vis à vis its competitors.  Def.'s SMF [15] 1 ¶2, July 1, 2011.  As to PEER's second request (*i.e.*, for "all documents" evidencing the source of the funds used to pay Jackson Lewis), the Commission conducted no search and produced no documents, but referred PEER to a website showing the Commission's 2009 Congressional appropriation, since (the Commission claimed) "Congress's general appropriation for the agency for that year was the source of the funds . . . ."  *Id.* 2 ¶3. Unhappy with the Commission's response to its FOIA request, PEER filed an administrative

---

[1] PEER describes itself as a group "dedicated to research and public education concerning the activities and operations of the federal government."  Compl. [1] ¶4.

appeal with the Commission in December 2009, which the Commission denied.  Pl.'s SMF [16]

2 ¶3.

In January 2010, PEER filed suit in this Court[2] to compel the Commission to disclose the

requested records.  PEER's Complaint brought two counts, the first for violation of FOIA, and

the second for violation of the Administrative Procedure Act ("APA").[3]  Compl. [1] ¶24–27.

PEER sought an order declaring that the Commission was wrongfully withholding the requested

records, an injunction directing it to disclose these records, and an award of attorney's fees and

costs pursuant to 5 U.S.C. § 552(a)(4)(E).  *Id.* at 7.

The next month, PEER filed a motion for summary judgment, arguing that the

Commission had improperly invoked FOIA exemptions 4, 5 U.S.C. § 552(b)(4), and 5, *id.* §

552(b)(5), had failed to segregate non-exempt portions of material pursuant to § 522(b), and had

provided non-responsive documents.  Pl.'s Mot. Summ. J. [2-2] 4–10, Feb. 9, 2010.  The

Commission filed its own motion for summary judgment in March 2010.  Def.'s Mot. Summ. J.

[6] Mar. 19, 2010.  In that motion, the Commission announced that it would produce a redacted

version of the retainer agreement to PEER.  *Id.* at 3.  It also conceded that its response to PEER's

request for all records concerning the source of the funds used to pay Jackson Lewis was

inadequate, and stated that it would release to PEER records relating to that issue which were

obtained from the Commission's "Acquisitions Department."  *Id.* at 3, 4.  In the Commission's

view, PEER's arguments and motion for summary judgment were now moot because it was, at

that point, fully in compliance with FOIA.  *Id.* at 4.

---

[2] The case was reassigned by consent from the Honorable Emmet G. Sullivan to this Court in October 2011.
Reassignment [25] 1, Oct. 11, 2011.

[3] Neither party has addressed Count 2 of PEER's complaint, which brings a standalone claim for violation of the
APA.  *See* Compl. [1] ¶26–27.  The Court has found nothing in the docket indicating whether this is still a live
claim.  However, in any event, the Court will dismiss the claim *sua sponte* since it arises from the Commission's
response to the FOIA request and seeks the same relief as can be obtained through the FOIA claim itself.  *Muttitt v.
U.S. Cent. Command*, No. 10-00202, 2011 WL 4478320, at *4 (D.D.C. Sept. 28, 2011).

However, in December 2010, Judge Sullivan denied both parties' motions without prejudice. Order [10] 1, Dec. 8, 2010. Judge Sullivan determined that he could not responsibly address PEER's FOIA claim absent additional action from the Commission. *Id.* at 3. First, he ordered the Commission to submit an unredacted copy of the retainer agreement for *in camera* inspection, in order to determine whether the Commission's invocation of the attorney–client privilege exemption was proper. *Id.* Second, Judge Sullivan found that the Commission's declaration in support of its motion was inadequate to support its contention that it had performed an adequate search, and he provided the Commission with an opportunity to submit a supplemental declaration correcting this deficiency. *Id.* at 4. Following his review of the unredacted retainer agreement, Judge Sullivan ruled, in a minute order dated January 4, 2011, that the Commission's redactions were proper. Therefore, the only remaining issue on the table was whether the Commission's search was adequate under FOIA. A new round of summary-judgment briefing was ordered, the parties filed these cross-motions, and they are now ripe for decision in this Court.

## III.   LEGAL STANDARD

Summary judgment should be granted when the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c). This standard requires more than the mere existence of *some* factual dispute between the parties; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "An issue is 'genuine' if the evidence is such that a reasonable jury could

return a verdict for the non-moving party." *Doe v. IRS*, 706 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing *Anderson*, 477 U.S. at 248).

This Court reviews a motion for summary judgment arising from an agency's decision to withhold or disclose documents under FOIA *de novo*. *Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely located. *Oglesby*, 920 F.2d at 68. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency carries the burden of demonstrating that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. To meet this burden, the agency may submit nonconclusory affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Failure to locate specific documents does not render the agency's search inadequate or demonstrate that the search was conducted in bad faith. *See Twist v. Gonzales*, 171 F. Appx. 855, 855 (D.C. Cir. 2005). The inquiry is "whether the search was reasonably calculated to discover the requested

documents, not whether it actually uncovered every document extant." *SafeCard*, 926 F.2d at 1201.

## IV.     THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

The only question before this Court is whether the Commission has met its burden to demonstrate that it conducted a search reasonably calculated to uncover "all" relevant documents. *See Weisberg*, 705 F.2d at 1351.   Sadly, the answer to this question is no.  PEER presented two, very straightforward, FOIA requests to the Commission.   However, instead of receiving that agency's professional attention, PEER's requests were either deliberately ignored for reasons the Court can only speculate about, or (at a minimum) sloppily handled, with the unfortunate results that a matter that ought to have taken very little time and effort to resolve has been unnecessarily protracted and PEER's entitlement to the disclosure of a narrow band of agency records has been obstructed.

PEER's FOIA request called for "[a]ll documents that evidence the source of the funds used to pay for representation by Jackson Lewis in the matter concerning McCarthy v. USIBWC."  Pl.'s SMF [16] 1 ¶1.   In response to this request for *documents*, the Commission at first performed no search and produced no documents whatsoever, providing PEER with only a *link to a website* that the Commission apparently believed would answer whatever questions it imagined that PEER had in making its FOIA request.  Def.'s SMF [15] 2 ¶3.   It was not until PEER was forced to file suit in this Court that the Commission apparently realized that its response to PEER's document request was inadequate.  Def.'s Mot. Summ. J. [6] 3, 4.   It was at this moment of realization that the Commission had an opportunity to finally perform an adequate search.  But that did not happen.

The Commission's support for its argument that it performed an adequate search is represented by two declarations.  The first is from Eric Meza, who serves as the Commission's

FOIA officer. Meza Decl. [24-1 ¶1, Sept. 8, 2011. Mr. Meza's efforts to respond to PEER's FOIA request involved approaching a single employee: Elena Martinez, a "Purchasing Agent" within the Commission's "Acquisitions Division." *Id.* ¶4. Ms. Martinez was apparently the person who actually handled the payment of the Commission's legal bills. Mr. Meza asked her what documents she had that "explained the source of the funds" used to pay the first legal bill from Jackson Lewis. *Id.* At this point Mr. Meza's declaration refers only to what Ms. Martinez told him or explained to him concerning her search, with the result that Mr. Meza's comments would only be admissible to corroborate Ms. Martinez's statements, and would otherwise be inadmissible hearsay. Therefore the Court will turn to Ms. Martinez's comments on their own. She states in her declaration that she located two categories of records related to PEER's FOIA request: an "Order For Supplies Or Services" and a "Requisition For Supplies Or Services." Martinez Decl. [24-2] ¶2, Sept. 8, 2011. She further states that she located documents reflecting four payments made by the Commission to Jackson Lewis, dated November 30, 2009, February 19, 2010, November 16, 2010, and July 27, 2011. *Id.* ¶3. Mr. Meza, in his declaration, goes on to explain[4] that these orders, in combination with another document provided to PEER, reveal the source of the funds used to pay Jackson Lewis. *See* Meza Decl. [24-1] 4–8. Apart from this information, nothing in these declarations provides any information about whether other offices within the Commission might contain responsive records or why these offices were not searched.

These declarations fail to support the Commission's contention that it has met its obligation under FOIA to perform an adequate search for responsive records. First, as PEER notes, Pl.'s Reply [23] 2, it is clear from Mr. Meza's declaration and the Commission's

---

[4] It is not clear from Mr. Meza's declaration whether he is merely reporting what Ms. Martinez told him—therefore presenting an obvious hearsay problem—or stating his own personal knowledge concerning what the documents provided to PEER reflect. However, the Court finds that even if it resolved this evidentiary issue in favor of the Commission, the declarations would still fail to adequately support its claim that it performed an adequate search in this case.

summary-judgment submissions that the agency only responded to a *question* that PEER did not ask—that is, "Where did the funds come from that were used to pay Jackson Lewis?"  PEER didn't ask the agency that, or any other, question.  Rather, PEER made a routine FOIA records request, calling for "[a]ll documents that evidence the source of the funds used to pay for representation by Jackson Lewis in the matter concerning McCarthy v. USIBWC."  Pl.'s SMF [16] 1 ¶1.  The Commission's obligation, under FOIA, was not to construe PEER's request narrowly as a call for the agency's opinion on a question and to produce *some* records supporting that unsolicited opinion; the agency's obligation was to begin a search for "all" the documents it had on the topic, and to set the stage for a reasonable search by identifying the agency components and personnel that might have responsive records.  This was not, contrary to the Commission's view, Def.'s Opp'n [21] 9, Aug. 22, 2011, a "reasonabl[e] interpret[ation]" of PEER's request.  The most charitable reading of the Commission's interpretation was that it was reasonably calculated to provide PEER with as few documents as possible.  By impermissibly interpreting PEER's records request so narrowly, the Commission could not have conducted an adequate search.

The second problem in this case is that the Commission has the burden to prove that it conducted an adequate search, yet its supporting declarations fail to show that such a search was performed.  An adequate search under FOIA must encompass all locations at the Commission that are reasonably likely to contain records responsive to PEER's request.  *See People for the Amer. Way Found. v. DOJ*, 451 F. Supp. 2d 6, 15 (D.D.C. 2006).  Yet nowhere in its supporting declarations does the Commission explain how it keeps its documents; which offices, and which personnel, might reasonably be expected to have responsive records; and how it arrived at its decision to search *only* the records of one employee in one office.  *See Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009).  Furthermore, PEER has identified a

number of other offices within the Commission where records responsive to its FOIA request could possibly be located. *See, e.g.*, Pl.'s Renewed Mot. Summ. J. [16] 4. Yet nowhere does the Commission, even outside its supporting declarations, refute or address PEER's reasonable contention that responsive records may exist outside of the Acquisitions Division.

The Commission's failure to adequately support its motion even with declarations of at least the bare minimum of detail is particularly telling, and inexcusable, given that Judge Sullivan specifically instructed the Commission, in his order denying without prejudice the parties' motions for summary judgment in December 2010, that its declaration was insufficient to support its claim that it had met its obligations under FOIA. *See* Order [10] 4. At this point, after the Commission has been given multiple opportunities to get it right, it is patently obvious to the Court that the Commission, for reasons unknown, is simply persisting in blowing-off PEER's FOIA request. This is a sad state of affairs that this Memorandum Opinion and accompanying Order will begin to rectify.

There is no genuine dispute here that the Commission has failed to conduct an adequate search in this case, in violation of FOIA. Therefore, the Court will grant PEER's motion for summary judgment and deny the Commission's. The Court further finds that declaratory relief is proper in this case, because the Commission's intransigence regarding PEER's FOIA request continues and there exists a cognizable danger that the Commission's behavior will continue. *See Pub. Employees for Evntl. Responsibility v. U.S. Dep't of Interior*, No. 06-182, 2006 WL 3422484, at *9 (D.D.C. Nov. 28, 2006). Accordingly, the Court will declare that the Commission is in violation of FOIA by failing to perform an adequate search for records responsive to PEER's FOIA request. The Court will remand this matter to the Commission, so that it can finally perform an adequate search in conformity with this Memorandum Opinion and accompanying Order. This search shall include a search of other offices at the Commission—

9

such as the Legal Adviser's Office, the Commissioner's Office, the Offices of the Chief Administrative Officer, the Budget Office, the Information Management Division, and the Records Management Office—or, at a minimum, explain *in detail* in nonconclusory affidavits (that do not contain patent hearsay) why a search of those offices would not produce records responsive to PEER's FOIA request.  In addition, this search shall embrace records created up to and including the date of the search.  Finally, the Court will order the Commission to submit to PEER and file with this Court, alongside any responsive documents, a detailed *Vaughn* index describing documents redacted or withheld and the Commission's grounds for doing so.  This further search must be performed and the *Vaughn* index must be filed within sixty (60) days following the date of this Memorandum Opinion.  The adequacy of that *Vaughn* index will determine whether *in camera* inspection of any such documents is ultimately necessary.

## V.      CONCLUSION

For the reasons stated above, the Court will grant plaintiff's Renewed Motion [16] for Summary Judgment and deny defendant's Renewed Motion [15] for Summary Judgment.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on February 7, 2012.