**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | ) |
| **PUBLIC EMPLOYEES FOR** | ) |
| **ENVIRONMENTAL RESPONSIBILITY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **U.S. INTERNATIONAL BOUNDARY** | ) |
| **AND WATER COMMISSION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Civ. No. 10-19 (RCL)

_____

## AMENDED MEMORANDUM AND ORDER

Now before the Court is defendant International Boundary and Water Commission's

("IBWC" or "Agency") Motion [36] to Amend the Court's February 7, 2012, Memorandum

Opinion, and plaintiff Public Employees for Environmental Responsibility's ("PEER") Motion

[37, 38] for Sanctions.[1]  Upon consideration of the motions, oppositions, replies, the entire

record herein, and the applicable law, both parties' motions will be denied.

## I.    BACKGROUND[2]

This controversy arises out of a Freedom of Information Act ("FOIA") case filed by

PEER against IBWC.  The genesis of PEER's FOIA request was IBWC's removal of Robert

McCarthy as general counsel in July 2009, and IBWC's engagement of the law firm Jackson

Lewis to represent the Agency during Mr. McCarthy's appeal before the Merit Systems

Protection Board.  *Public Emps. for Envtl. Responsibility v. U.S. Int'l Bound. & Water Comm'n,*

---

[1] The plaintiff's opposition and cross-motion were separately docketed as entries 37 and 38, although the documents are identical.  Defendant's Opposition to Plaintiff's Motion for Sanctions and Reply Memorandum in Support of Defendant's Motion to Amend the Court's Opinion was likewise double docketed as entries 40 and 41.
[2] The background of this case was set out in the Court's 2012 Memorandum Opinion, and only the relevant facts are discussed here.  *See Public Emps. for Envtl. Responsibility v. U.S. Int'l Bound. & Water Comm'n,* 842 F. Supp. 2d 219 (D.D.C. 2012).

842 F. Supp. 2d 219, 221 (D.D.C. 2012).   PEER suspected that IBWC's payments to the firm

constituted a misuse of government funds and in 2009 filed a FOIA request seeking two sets of

documents:

> (1) A copy of the retainer agreement between [IBWC] and the law firm of Jackson Lewis in the matter concerning McCarthy v. IBWC, Docket # DA-1221-09-0725-S-1, and
> (2) All documents that evidence the source of the funds used to pay for representation by Jackson Lewis in the matter concerning McCarthy v. USIBWC.

*Id.* at 222.   IBWC's refusal to provide PEER with the requested documents lead to the instant

suit.  *Id.*

The parties cross-filed for summary judgment in 2010, but Judge Sullivan, originally

assigned to this case, dismissed both motions without prejudice.  *Id.* at 223.  After an *in camera*

review by Judge Sullivan, IBWC provided PEER with a redacted copy of the retainer agreement.

*Id.*  The parties then cross-filed for summary judgment on the issue of whether IBWC's search

was adequate under FOIA.  *Id.*  On February 7, 2012, the Court denied IBWC's motion and

granted PEER's motion.  Order 1–2, ECF No. 26.  The Court found IBWC in violation of FOIA

because it "fail[ed] to perform an adequate search for records."  *Id.*  The Court ordered IBWC to

perform a new search—which had to include various offices—and to submit the resulting

documents, if any, to PEER, and to submit a new *Vaughn* index to PEER and to the Court.  *Id.*

The Court also noted:

> At this point, after the Commission has been given multiple opportunities to get it right, it is patently obvious to the Court that the Commission, for reasons unknown, is simply persisting in blowing-off PEER's FOIA request.  This is a sad state of affairs that this Memorandum Opinion and accompanying Order will begin to rectify.

*Public Emps. for Envtl. Responsibility*, 842 F. Supp. 2d at 226.

On April 20, 2012, IBWC submitted the new court ordered *Vaughn* index and two new declarations executed by Eric Meza and Elena Martinez. *See Vaughn Index (Supplemental)*, ECF No. 31. A small number of new responsive documents were discovered and produced to PEER. Meza Decl., ECF No. 31-1.

## II.    IBWC'S MOTION TO AMEND

IBWC now asks the Court to amend its 2012 Memorandum Opinion by deleting the phrase "[IBWC was] simply persisting in blowing-off PEER's FOIA request," because, defendant asserts, the Court "may not have been fully aware of the extent of the [A]gency's response to [PEER's] FOIA request." Pl.'s Mot. Amend 2–3, ECF No. 36, May 9, 2012. IBWC cites documents filed on April 22, 2012, more than two months after the Court's Memorandum Opinion, to support its motion. *Id.* The filing is a combination of documents submitted to the Court since the initiation of litigation and correspondence between the parties in September 2011. *See* Def.'s Notice of Filing, ECF No. 32, Apr. 22, 2012. According to IBWC, "[t]hese documents show an agency that had brought itself into substantial compliance with its obligations under FOIA prior to the Court's statement. . . ." Pl.'s Mot. Amend 2. IBWC also argues that the Court overlooked the fact that "defendant is a very small (less than 250 employees) stand-alone agency" and in "these circumstances, it [was] reasonable" for it to focus its search exclusively on the "Acquisitions Division." Pl.'s Mot. Amend 3.

As an initial matter, the Court made it clear in its Memorandum Opinion that this case was not about the number of documents produced but about the IBWC's inadequate search for responsive records. *Public Emps. for Envtl. Responsibility*, 842 F. Supp. 2d at 225. Not only does IBWC's instant motion ignore this fact, but IBWC provides *no law whatsoever* in support of its motion and the Court can find no "Motion to Amend a Judicial Opinion" in the Federal

Rules.[3]   The Court can amend its opinion if a party succeeds on a Rule 59(e) or Rule 60(b) motion for reconsideration, or pursuant to Rule 60(a) if the Court made a clerical error or an oversight.   However, IBWC cannot meet the standard for a motion for reconsideration under Rules 59 or 60.

A Rule 59 motion must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  IBWC filed its motion on May 9, 2012, more than three months after the Court's order granting summary judgment to PEER.  While Rule 60 allows parties to file for reconsideration "within a reasonable time," IBWC has made no showing that the Court should reconsider its ruling based on any of Rule 60's six enumerated exceptions.[4]  Moreover, post-judgment motions for reconsideration should be denied when the court "suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment."  *Lightfoot v. Dist. of Columbia*, 355 F. Supp. 2d 414, 420 (D.D.C. 2005) (citation omitted).

The majority of documents IBWC filed with the Court in April 2012 were duplicates of documents filed before the Court ruled on the cross-motions for summary judgment.  *See* Def.'s Notice of Filing, ECF No. 32.  The only new documents are correspondence between IBWC and

---

[3] The only legal citation appearing in IBWC motion is *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). This is cited to support IBWC's contention that, in light of the fact that the subsequent court-ordered search uncovered only one responsive document and a "handful of other, additional documents . . . of no significance," IBWC's initial decision to search only the Acquisitions Division was reasonable.  Pl.'s Mot. Amend 3.  The Court has reviewed the cited case and found that it directly *contradicts* IBWC's proposition.  In *Oglesby*, the D.C. Circuit reversed the District Court's summary judgment ruling for the State Department, noting that the State Department "[could not] limit its search to only one record system if there are others that [were] likely to turn up the information requested."  920 F.2d at 68.

[4] Rule 60(b) enumerates six reasons for relief from a final judgment, order, or proceeding:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

PEER that occurred on September 6 and September 8, 2011, nearly two weeks before IBWC submitted its last filing relevant to the cross-motions for summary judgment. The correspondence appears to contain documents both responsive and non-responsive to PEER's FOIA request. *Id.* at 2–4. However, IBWC had an obligation to present evidence showing that it complied with its FOIA obligations as part of its motion for summary judgment or in response to PEER's motion for summary judgment, but it evidently failed to do so. Therefore, it is clear that IBWC's motion is simply an attempt—a poor one at that—to relitigate issues disposed of by the Court's February 7, 2012, Memorandum Opinion and Order, and as such it cannot succeed. *See Lightfoot*, 355 F. Supp. 2d at 421.

Moreover, the fact that IBWC is a "very small" agency does not convert its limited search into a reasonable one. The Court is unaware of any section of the FOIA statute, or any case law, that allows the Court to treat agencies differently based on their size. The law is the law and it applies equally to all—whether the target of a FOIA request is the Department of Defense or the IBWC.

Nor did the Court make any oversight or error. The Court's Memorandum Opinion was not based on the quantity of documents produced, but hinged on the fact that IBWC failed to conduct "a search reasonably calculated to uncover 'all' relevant documents." *Public Emps. for Envtl. Responsibility*, 842 F. Supp. 2d at 224. The Court found that IBWC initially provided PEER with "*no documents whatsoever*," and only after PEER filed suit did the Agency conduct a search by approaching a single employee in the Acquisition Division. *Id.* at 224–225 (emphasis added). As the Court stated: IBWC's "obligation was to begin a search for 'all' the documents it had on the topic," something the Agency failed to do by narrowing its search to one employee in one office. *See id.* at 225.

While IBWC may take issue with the Court's assessment of their response to PEER's FOIA request, IBWC "has not identified how and why the Court should strike passages from its Memorandum Opinion simply because" IBWC's attorneys found them offensive or incorrect. *Act Now to Stop War & End Racism Coal. v. Dist. of Columbia*, 286 F.R.D. 117, 131 (2012) (Lamberth, C.J.). "The Federal Rules provide for no motions for reconsideration for hurt feelings, no motions to strike things that could make you look bad." *Id.*

## III.   PEER'S MOTION FOR SANCTIONS & ATTORNEY'S FEES[5]

PEER moves for sanctions, attorney's fees, and entry of findings by the Court that IBWC personnel acted arbitrarily and capriciously with respect to the destruction or withholding of documents because of the Agency's alleged "routine and 'automatic' destruction of potentially responsive records." Pl.'s Opp'n to Mot. Amend & Mot. for Sanctions ("Pl.'s Opp'n") 3–4, ECF No. 37. However, the Court will neither issue attorney's fees nor make written findings that IBWC employees acted arbitrarily or capriciously because there is no evidence that responsive documents were destroyed.

Plaintiff's allegation is based on a sworn declaration made by Zenon Mora, IBWC's "Supervisory, IT Specialist," in a related case filed in the Western District of Texas. *See* Mem. Op., *Robert McCarthy, Pro Se v. U.S. Sec. Int'l Boundary & Water Comm'n, U.S.–Mexico*, 3:11-CV-00208-PRM, ECF No. 79, Nov. 30, 2011. That case also arose from IBWC's firing of Robert McCarthy and involved IBWC's response to a FOIA request by Mr. McCarthy seeking records relating to the use of agency technology to post libelous, malicious, and inappropriate sexual commentary related to him on a public internet forum. *See id.* at 1–2. In his declaration,

---

[5] Plaintiff's requests for attorneys' fees is somewhat opaque. While plaintiff moves for attorneys' fees in their opposition and cross-motion, plaintiff noted, in a footnote, that plaintiff "intends to file a motion for attorneys' fees and expenses once this litigation is finally concluded." Pl.'s Opp'n to Mot. Amend & Mot. for Sanctions ("Pl.'s Opp'n") 1 n.1, ECF No. 37. Therefore, the Court construes plaintiff's motion as requesting attorneys' fees only for the instant motion.

Mr. Mora explained that he could not search the computer of Mr. Fred Graf because Mr. Graf's computer had been destroyed in accordance with IBWC's policy of replacing computers at the end of their five-year life cycle.  Pl.'s Opp'n 3–4 (quoting Mora Decl., Jul. 18, 2011, ECF 37-1).  Mr. Mora also explained that a security threat to the IBWC computer systems forced the Agency to erase all network components in order to prevent potential hacking.  *Id.*  Plaintiff made the logical leap that because some computers are routinely destroyed and because all networking components were erased, information responsive to the instant FOIA request must also have been destroyed.

        In response, IBWC submitted a sworn statement by Mr. Mora, executed on June 1, 2012.  In it he explains that IBWC only reconfigured two components of its computer system in response to the security threat, the Astro Firewall and the Core Router.  Mora Decl. 2–3, Jun. 1, 2012, ECF No. 40-1.  The files contained in these components—files pertaining to passwords, log-in information, and logs of internet browsing activity—were presumably destroyed as part of IBWC's wipe of network components.  *See id.*  Mr. Mora also explained that when a computer is replaced as part of IBWC's routine replacement program, all user generated files and the employee's internet browser bookmarks or "favorites" are temporarily copied to another location and then reinstalled on the employee's newly assigned computer.  *Id.* at 3–4.  Some files are routinely destroyed, such as temporary files (.tmp), cookies, and "history logs" showing when a user accessed the internet.  *See id.* at 5.  These files are set to "overwrite themselves after a certain time."[6]  *Id.*  However, Mr. Mora does concede that a disgruntled employee destroyed or reformatted hard drives from two laptops and three personal computers.  *Id.* at 2.

---

[6] The Court is aware that such automatic overwriting is a standard feature of many internet browsers.  Moreover, while these files may have been responsive to Mr. McCarthy's FOIA request in the Texas case, the Court cannot see how responsive documents in this case would have stored in these areas.

FOIA provides, in relevant part, that when the Court assesses reasonable attorney's fees and costs, and issues a "written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the [United States Office of] Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted . . . ." 5 U.S.C. § 552(a)(4)(F)(i). Putting aside the fact that the Court will deny plaintiff's request for attorney's fees, the plaintiff cannot prevail based on the facts presented to the Court. Despite plaintiff's scathing rhetoric, there is no indication that any files responsive to the instant FOIA request were destroyed as part of IBWC's routine replacement of computers or through the wiping of its network components.

PEER's FOIA request sought documents relating to the engagement and payment of the law firm Jackson Lewis. *See Public Emps. for Envtl. Responsibility*, 842 F. Supp. 2d at 222. These documents would have to be user-generated documents such as Microsoft Word documents, PDFs, emails, Excel files, or other similar documents. The documents destroyed as part of the network component reconfiguration process were files pertaining to internet browsing and user log-in activities, and not user-generated files or emails. Because IBWC's policy was to copy a computer's hard drive before destroying the hardware and save those documents onto a new hard drive, the Court cannot conclude that any documents pertaining to PEER's FOIA request were destroyed during IBWC's routine computer replacement.

Although IBWC conceded that five hard drives were destroyed by a disgruntled employee, there is nothing in the record to indicate whether these hard drives would have contained responsive documents. More importantly, plaintiff has provided no legal basis for the Court to hold the Agency responsible for the actions of a rogue employee, even assuming that

responsive documents had been destroyed.  Therefore, the Court can find no basis in fact or law to issue sanctions in this case.

The Court, having found no basis to issue sanctions, will likewise refrain from issuing any award of attorney's fees based on the instant motion.  However, the parties must confer within seven days and PEER, if it so chooses, must submit a motion for attorney's fees within 14 days of the date of this Memorandum and Order.

## IV.     CONCLUSION AND ENTRY OF FINAL JUDGMENT

Although PEER has moved for sanctions in this case, PEER's motion is focused on the possible destruction of documents that would have been responsive to Mr. McCarthy's FOIA request in the dismissed Texas case.  Because those documents would not be responsive to PEER's FOIA request here, the Court is satisfied that IBWC has complied with its FOIA obligations.  Therefore, for the foregoing reasons it is hereby

**ORDERED** that IBWC's Motion to Amend [36] is **DENIED**; it is

**FURTHER ORDERED** that PEER's Motion for Sanctions [37, 38] is also **DENIED**; it is

**FURTHER ORDERED** that final judgment be entered for **plaintiff** in this case; it is

**FURTHER ORDERED** that the case is dismissed with prejudice; and it is

**FURTHER ORDERED** that the parties must confer within seven days and, within 14 days of the date of this Memorandum and Order, plaintiff must file its motion for attorney's fees. Defendant will have seven days to submit an Opposition, and plaintiff will then have seven days in which to submit its Reply.

**So Ordered.**

**Signed by Royce C. Lamberth, Chief Judge, on March 19, 2013.**

9