UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-00019 RCL |
| UNITED STATES INTERNATIONAL BOUNDARY AND WATER COMMISSION, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

# MEMORANDUM OPINION

This Opinion concerns a request for attorneys' fees and litigation expenses. Public Employees for Environmental Responsibility (PEER) moved for an award of $40,484.88 from the U.S. International Boundary and Water Commission (IBWC). Dkt. No. 51. Subsequently, PEER requested an additional $33,475.50 for litigating this issue. Dkt. No. 58. For the reasons given below, the Court will GRANT the award of $40,484.88 and treat as a separate motion the request for the additional $33,475.50, giving IBWC a chance to oppose it.

## I. BACKGROUND

PEER seeks attorneys' fees arising from its underlying Freedom of Information Act (FOIA) action, Dkt. No. 1, for which this Court granted summary judgment, Dkt. No. 26. PEER filed the FOIA action following a request for information from IBWC on the source of funds used to pay a private law firm to defend the agency in the Whistleblower Protection Act case of *McCarthy v. IBWC*, Dkt. No. DA-1221-09-0725-S-1. In the *McCarthy* case, PEER represented

Robert J. McCarthy in an unsuccessful suit for reinstatement after IBWC fired McCarthy in 2009. McCarthy was not only the plaintiff in that case, but also one of the attorneys who worked on the underlying FOIA action in this one. In fact, $32,575.50, or a little more than 80% of the fees sought for the FOIA action, is attributable to McCarthy's work on the case. There is also some evidence that the information PEER sought in the FOIA action could have led to the dismissal of the law firm that defended IBWC against McCarthy in the whistleblower case. *See* Def.'s Resp. 4. If true, that fact would have given McCarthy an interest in the FOIA request, whatever his motivation for working on it.

## II. LEGAL STANDARD

### A. Attorneys' Fees

Under FOIA, a court may assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To obtain attorneys' fees, the plaintiff must be eligible for and entitled to them. *Brayton v. Office of the U.S. Trade Representative*, 641 F. 3d 521, 524 (D.C. Cir. 2011). A court determines eligibility by whether the plaintiff "substantially prevailed" and judges entitlement by balancing several factors. *Id* at 524–25. Here, IBWC does not challenge PEER's eligibility for or entitlement to attorneys' fees. Nor does it challenge the reasonableness of the fees PEER requested. IBWC does contest, however, the recovery of fees for McCarthy's work in the underlying case on the grounds that it "is analogous to time spent by pro se attorney-litigants." Def.'s Resp. 2.

A party proceeding *pro se* may not recover attorneys' fees in a FOIA case, even if he is also an attorney. *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1288–90 (D.C. Cir. 1998) (applying *Kay v. Ehrler*, 499 U.S. 432 (1991)). And though the party may recover

fees for the work of *other* attorneys, he may do so only if there is an "agency relationship." *Id.* at 1291–92 (quoting *Kay*, 499 U.S. at 435–36); *see also Kooritzky v. Herman*, 178 F.3d 1315, 1323–24 (D.C. Cir. 1999). But it is only the party-in-interest—in other words, the party in whose name the action was brought by or against—that concerns the court; no one else is considered a *pro se* litigant for attorneys'-fees purposes. *See Burka*, 142 F.3d at 1290–91. Further, an organization cannot be a *pro see* litigant because it is always represented by counsel, be it in-house or other. *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324–26 (D.C. Cir. 2006) (following dicta in *Kay*, 499 U.S. at 436 n.7).

We may also express the law as a decision tree. First, the court determines whether the party seeking attorneys' fees is proceeding *pro se*. If not, then the party may succeed. If so, then the party (which is not an organization) may not get attorneys' fees for his own work. But he may get fees for the work of other attorneys, if any. For this next step, the court determines whether there was an agency relationship between the assisting attorney(s) and the *pro se* litigant. If so, then the litigant may recover fees only for the work of the assisting attorneys.

The *Burka* case illustrates this decision tree. Burka was a *pro se* litigant in a FOIA case who sought attorneys' fees. 142 F.3d at 1287. He represented an undisclosed client, a fact known to the district judge and government, but brought the lawsuit in his own name. *Id.* at 1290. As such, the Court of Appeals affirmed the district court's holding that Burka was the real party-in-interest and therefore subject to the *pro se*-attorneys'-fees rules. *Id.*

As to the next step in the tree, Burka claimed he was eligible for attorneys' fees for the work of other attorneys on the lawsuit. *Id.* at 1291. But those attorneys worked at the same firm and under Burka's direction. *Id.* As a result, the Court of Appeals, affirming the district court, held that Burka was not entitled to fees because there was no agency relationship. *Id.*

3

## III. ANALYSIS

In this case, we need not go past the first step. PEER is an organization and therefore not a *pro se* litigant. Furthermore, PEER, not McCarthy, is the party-in-interest. So any "interest" McCarthy may have had in the underlying litigation is irrelevant. This case is thus the inverse of *Burka*. Burka was the party-in-interest and could not avoid preclusion of attorneys' fees by showing that another party was more interested in the outcome. Here, McCarthy was *not* the party-in-interest, and IBWC cannot foist the *pro se* exception to attorneys' fees upon him just because he may have had an "interest." As the Court of Appeals stated in *Burka*, one's "status as both attorney and litigant may be a 'technicality,' but it is a legally meaningful one and not to be ignored." *Id.*

IBWC's attempt to argue from the purpose behind the *pro se* exception is of no avail. *See* Def.'s Resp. 5. IBWC quotes from *Kay*, in which the Supreme Court, holding that a *pro se* attorney may not recover attorneys' fees for a civil rights action, reasoned,

> Even a skilled lawyer who represents himself . . . is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.

*Kay*, 499 U.S. at 437. But even if we assume that McCarthy was interested in the underlying litigation and therefore not completely detached, this Court will not analyze levels of detachment to determine the applicability of the *pro se* exception. If

4

it did, other people for whose work attorneys' fees might not attach include parents, friends, or, frankly, anyone who cares deeply about the issues being litigated.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT PEER's motion for an award of attorneys' fees and litigation costs totaling $40,484.88. As for the additional $33,475.50 for litigating this issue, this Court will treat the request as a separate motion, and IBWC will have 14 days from this date to file a response. Should this separate motion require any more work on PEER's part to file a reply memorandum, additional fees shall be limited to 8 hours' worth of compensation. Otherwise, the request for fees on fees on fees will never end.

A separate Order consistent with this Opinion shall issue on this date.

Signed by Royce C. Lamberth, U.S. District Judge, on September 11, 2013.